## MULLINS v. BRADLEY CONTRACTING CO.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. PLEADING (§ 377*)—ISSUES—SERVICE OF NOTICE.

Where the complaint alleged due service of notice under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204), which was not denied by the answer, but plaintiff did not put the notice in evidence, defendant's motion to dismiss at the close of plaintiff's case was properly denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1228–1231; Dec. Dig. § 377.*]

2. MASTER AND SERVANT (§ 137*)—ACTION FOR INJURIES—NEGLIGENCE.

Where the master and its licensed blasting foreman had installed a system of signals whereby the foreman would tell a servant at the top of the tunnel shaft that all was ready below, and the servant above would clear the street and tell the foreman to let it go, and the foreman would signal the electrician to fire the blast, a firing without signal from the foreman was not negligence, either on the part of the master or its foreman, and a servant injured thereby could not recover.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 190*)—MASTER'S LIABILITY—NEGLIGENCE OF FELLOW SERVANT.

　　　The action of the electrician in firing the blast without a signal from the foreman would be negligence of a fellow servant in a detail of the work, for which the master would not be liable.

　　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

Appeal from City Court of New York, Trial Term.

Action by Owen Mullins against the Bradley Contracting Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

James A. Lynch, of New York City (Frederick L. C. Keating and George J. Stacy, both of New York City, of counsel), for appellant.

Meyer Ohlbaum, of New York City (George W. Smyth and Edward H. Burger, both of New York City, of counsel), for respondent.

GUY, J. [1] The action is for personal injuries. The complaint alleges due service of notice under the Employers' Liability Act, which due service is not denied in the answer. Plaintiff did not introduce the notice in evidence, and at the close of plaintiff's case the defendant moved to dismiss on this ground. The motion was properly denied.

[2, 3] The evidence, however, entirely fails to prove negligence on the part of the defendant. It is clearly established that the defendant and its licensed blasting foreman, Connelly, had installed a regular system of signals whereby Connelly would shout up from below to Galligan at the top of the shaft that all was ready below, and Galligan, after clearing the street of people, would shout down to Connelly, "All right, let it go!" after which Connelly would give a signal to the electrician at the switch to fire the blast. When the blast which injured the plaintiff was fired, both Connelly and the plaintiff were busy connecting wires, and Connelly had given no signal to Galligan that he was ready. Either Galligan or some one else unknown shouted down the shaft, "All right, let it go!" but no signal was given to the electrician to fire, either by Connelly or by any one down in the tunnel. That is quite certain, since both Mullins and Connelly, the only persons in the tunnel except the electrician, were within the danger zone and were injured. The signal from above only indicated that the street was clear, and was not a signal to the electrician, who was only to fire on signal from Connelly below. It was not proved that the electrician fired the blast; but, assuming that the facts were strong enough to raise an inference that he did, his action was unauthorized by Connelly, the only man upon whose direction he had authority to act, and was an act of negligence on the part of a fellow servant on a detail of the work, for which the defendant would not be liable.

There being no proof of negligence on the part of the defendant or its foreman, the motion of the defendant's attorney, at the close of the entire case, to dismiss the complaint should have been granted.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.